IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Wright, III, #111841, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 9:04-2225-HMH-GCK |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Officer NFN Marty, of the Charleston ) | |
| County Detention Center, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] James Wright, III ("Wright"), proceeding pro se, filed an action under 42 U.S.C. § 1983 for alleged mistreatment when he was a pretrial detainee at the Charleston County Detention Center ("CCDC"). Officer Marty ("Marty") filed a motion for summary judgment on November 15, 2004. In his Report and Recommendation, Magistrate Judge Kosko recommends granting Marty's motion for summary judgment, dismissing Wright's action, and deeming the dismissal a strike for purposes of the "three strikes" rule of the Prison Litigation Reform Act ("PLRA"), as detailed in 28 U.S.C. § 1915(g). Wright filed objections to the Report and Recommendation. For the reasons discussed below, the court

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

adopts the Report and Recommendation, grants Marty's motion for summary judgment, dismisses Wright's action, and deems the dismissal a "strike."

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the time relevant to this action, Wright was a pretrial detainee at CCDC. Wright alleges that on the morning of March 22, 2004, he was waiting outside of his cell to go to court. Marty asked Wright to put his hands on the wall so that Marty could search him. (Compl. at 3.) Wright asserts that Marty searched him roughly, and, at some point during the search, Marty requested that Wright face him and roll the cuffs down on his pants. (Id.) Wright admits that during the search he ignored Marty, but, in responding to Marty's request, he refused to comply: "I told him that I wasn't [sic] because he had already searched me." (Id.) Further, Wright concedes that Marty repeated his request, and Wright again refused to comply. (Id.)

After Wright refused to comply a second time, Marty asked Wright to turn back around and put his hands against the wall. According to Wright, Marty then "'viciously' pushed [Wright's] head into the wall." (Compl. at 3) (emphasis in original). Wright further contends that Marty "took his knees and pushed them into the back of [Wright's] legs and grabbed [Wright's] arms and slammed [him] on the pavement, which [he] fell head first hitting [his] head on the pavement." (Id. at 3.) Wright claims that Marty got on top of him, pushed his head into the pavement, took his handcuffs and squeezed them as hard as he could around Wright's right wrist, yanked him off the floor, pushed him against the wall, and twisted his arms. (Id. at 4.)

2

Wright asserts that he lost feeling in his right hand after being handcuffed. (Id.) Wright then went to court, after which he claims that he was taken to the medical ward, where his arm and head were examined. (Id.) He asserts that his arm was bruised, that he was given an ice pack for his injuries, and that he continues to suffer pain in his right shoulder as a result of the incident.[2] (Id.)

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the

---

[2]The court notes that it is somewhat unclear what Wright's alleged injuries and treatment are because Wright alleges different injuries and treatment in different pleadings. For example, in his response opposing Marty's motion for summary judgment, Wright asserts that when the handcuffs were being placed on his wrists, the "sharp end of the cuff stabbed [his] right wrist in which [he] still [has] the scar to prove it." (Mem. Opp'n Mot. Summ. J. at 2.) However, in neither his complaint nor his affidavit does Wright mention the handcuffs stabbing his wrist, but he swears that he received bandages, pain pills, and an ice pack at the medical ward. (Wright Aff. at 2.) Regardless, there is no verified pleading that Wright's wrist was cut. Further, there is no medical record of any injury to any part of Wright's body as a result of this incident, or of an ice pack, pain pills, or bandages being given, although Marty testifies that Wright received an ice pack for an alleged injury to Wright's little finger. (Marty Aff. ¶ 4.)

3

nonmovant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Report and Recommendation

In reviewing Wright's claims of excessive force, the Magistrate Judge reviewed the sick call requests and physician order notes with respect to Wright and found no mention of Wright's alleged injuries, or any treatment of those alleged injuries. (Rept. at 7.) The Magistrate Judge concluded that if Wright was injured at all, his injury was de minimis. (Id.) Because the Magistrate Judge found that the injury was de minimis, the Magistrate Judge also concluded that Wright had failed to state a viable constitutional claim, and Marty was entitled to summary judgment.

Additionally, the Magistrate Judge noted that Marty had invoked immunity from suit under the Eleventh Amendment to the United States Constitution. The Magistrate Judge concluded that Marty was acting in his official capacity as an agent for the State of South Carolina, and Wright could not maintain an action against Marty in his official capacity. (Id. at 8.)

4

Finally, the Magistrate Judge found that Wright's allegations were frivolous and malicious under the PLRA. (Rept. at 9.) Accordingly, the Magistrate Judge recommended summarily dismissing the action and deeming the dismissal a "strike" under the "three strikes" rule of the PLRA. (Id.)

### C. Wright's Objections to the Report and Recommendation

Wright filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Wright's objections are nonspecific, unrelated to the dispositive portions of the Report and Recommendation, and merely restate his claim. The court gleaned one specific objection to the Magistrate Judge's conclusion that Wright's injuries were de minimis. However, Wright filed no specific objections to the Magistrate Judge's determination that he cannot proceed against Marty in Marty's official capacity or that this action should be considered a "strike" under the PLRA.

Wright specifically argues that his injuries were not de minimis. He adds, "All of the medical reports must have been destroyed or wasnt [sic] recorded." (Obj. at 1.) Further, he claims that if his "mental health records are strutinized [sic], it shows that Bipolar Disorder is

5

at hand, which started 'after' the altercation." (Id.)  Finally, he asserts that he suffers panic attacks and memory loss from the incident.  (Id. at 2.)

Wright's claims are unavailing.  Wright's allegations that the medical records of his injuries were either not made or destroyed are self-serving and unconvincing to the court. Regardless, even if there were medical records indicating that he had swelling or bruising on his head, arms, or little finger, as he suggests, "temporary swelling and irritation is precisely the type of injury [the court] considers *de minimis*."  Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir. 1998).

As to the claims of memory loss and the alleged onset of bipolar disorder and panic attacks, the court notes that Wright neglected to allege these injuries in his complaint, though he contended that he is "still traumatized from that altercation." (Compl. at 4.)  Nonetheless, just as he has not shown any medical records which substantiate his claims of physical injury, Wright has also failed to show either that he has been diagnosed with bipolar disorder, memory loss, or panic attacks, or that he will likely have these conditions in the future as a result of the incident.  Moreover, even if he had these conditions, Wright has not shown a causal connection between them and the incident with Marty.

Further, there is no evidence which supports Wright's allegations of any ongoing injury, and Wright does not allege in his complaint that he has sought further medical care for his alleged head, arm, shoulder, hand, and wrist injuries after being taken to the medical ward the day of the incident.  In sum, there is no evidence beyond bald allegations supporting Wright's assertion that he suffered anything more than de minimis injury.  Moreover, given the undisputed fact that Wright was noncompliant with Marty during the search, the court

6

finds that Marty's use of force – and the degree of force Marty used – was not "repugnant to the conscience of mankind" under the circumstances. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1992). Nor was the pain itself "such that it can properly be said to constitute more than *de minimis* injury." Id. at 1263 n.4. Thus, Wright has failed to create a genuine issue of material fact that there was more than a de minimis injury which would support a viable constitutional claim. See Taylor, 155 F.3d at 484. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that Marty's motion for summary judgment is granted, and Wright's action is dismissed. It is further

**ORDERED** that the dismissal in this case is deemed a "strike" for purposes of the PLRA.

**IT IS SO ORDERED**.


s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 27, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

7